UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WILLIAM BROWN,<br>Plaintiff,<br>v.<br>WELLS FARGO & COMPANY, et al.,<br>Defendants. | Case No. 4:18-cv-06189-KAW<br><br>**SCREENING ORDER REVIEWING PLAINTIFF'S FIRST AMENDED COMPLAINT; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 12 |

On October 9, 2018, Plaintiff Timothy William Brown filed this civil action and application to proceed *in forma pauperis* ("IFP Application.") (Dkt. Nos. 1 and 4.) On October 26, 2018, the Court granted Plaintiff's IFP Application. (Dkt. No. 10.) On November 19, 2018, Plaintiff filed an Amended Complaint. (First Am. Compl, "FAC," Dkt. No. 12.) The Court now screens Plaintiff's Frist Amended Complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122,

1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging that Defendant Wells Fargo engaged in unfair business practices in violation of the California Business and Professions Code, the Truth In Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*, and a violation of Title 12 of the United States Code (12 U.S.C. --) ("Banks and Banking"). (First Am. Compl., Dkt. No. 12 at 5-6.)

Plaintiff, however, does not distinguish between the statutes he claims are violated.

2

Instead, Plaintiff includes TILA claims in the first and second claims, so that it is unclear exactly what relief, claim or cause of action he is pleading under TILA, the California Business and Professions Code (if that), state laws prohibiting forgery, and/or Title 12 of the United States Code. For example, in the first claim, Plaintiff appears to allege claims under TILA, but also a "forgery" claim because in California, there is "no time statu[t]e of limitations on forgery acts" and Defendants "knowingly filed false or forged real estate document[s] to a government office." (*Id.* at 5.) Plaintiff's citations to support his forgery claim, however, are to California Penal Code §§ 115, 470(d), which are not private causes of action. Moreover, in the Second Claim, Plaintiff alleges TILA again, but also asserts claims for "Identity theft and a violation of the "Electronic funds Act." *Id.* at 6. Plaintiff also mentions that there is no statutory time limit for "forgery in CA and AZ," but it is uncertain if Plaintiff is alleging another forgery claim in his Second Claim. Even so, there is no direct private right of action for forgery. Finally, Plaintiff cites "civil code 1189[a][4]" in his second claim. California Civil Code § 1189(a)(4) imposes a civil penalty of $10,000 on a notary public "who willfully states as true any material fact that he or she knows to be false." Such a penalty may only be imposed by the Secretary of State following an administrative proceeding. *Id.* Accordingly, there is no private right of action under this subsection.

For the reasons set forth above, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure, as the Court seeks clarity on the specific and distinct statutory provisions that Plaintiff is pleading under. Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for all claims, and must do so by filing an amended complaint by **March 15, 2019**. If Plaintiff fails to file an amended complaint by that date, or the amended complaint fails to cure all defects, the case

will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Finally, the case management conference scheduled for March 19, 2019 is continued to **July 9, 2019** at 1:30 p.m. in Courtroom 4, 1301 Clay Street, Oakland, California. Case management conference statements are due on or before **July 2, 2019**.

IT IS SO ORDERED.

Dated: January 30, 2019

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

4